## ALAN P. WOODRUFF, Esq.
### 9 Turkey Toe Lane
### Arden, North Carolina 28704
### alan.jd.llm@gmail.com

February 14, 2017

Clerk of the Court
Sixth Circuit Court of Appeal
Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202

Re: Sixth Circuit Case: 16-6299

Dear Sir/Madam Clerk,

Pursuant to Fed. R. App. 28(j), Appellants file the following.

Footnote 5 of the district court's opinion reads:

> "Plaintiffs also urge the Court to consider a statement by Representative Michael Turner at a March 20, 2011 hearing in the House State and Local Government Subcommittee, in which he stated, "**One thing Democrats and Republicans kinda unite on is keeping minor parties off the ballot.**" … The Court finds that the statement is *irrelevant* to the Court's determination of the constitutionality of the 2.5% signature requirement. … (Emphasis added) [R.E. 265; PageID 4719]

In *Church of Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520, 113 S. Ct. 2217, 124 L. Ed. 2d 472 (1993), the Supreme Court considered a challenge to the constitutionality of a series of facially neutral city ordinances that banned the sacrifice of animals. The Petitioner was a church on Santaria, a religion that included animal sacrifice in its religious practice. In it analysis, the Court wrote:

> "Here, as in equal protection cases, we may determine the city council's object from both direct and circumstantial evidence. *Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 266, 50 L. Ed. 2d 450, 97 S. Ct. 555 (1977)*. **Relevant evidence includes**, among other things, the historical background of the decision under challenge, the specific series of events leading to the enactment or official policy in question, and the legislative or administrative history, **including contemporaneous statements made by members of the decisionmaking body.** *Id., at 267-268*. These objective factors bear on the question of discriminatory object. *Personnel Administrator of Mass. v. Feeney, 442 U.S. 256, 279, n.24, 60 L. Ed. 2d 870, 99 S. Ct. 2282 (1979)*." 508 U.S.at 540 (Emphasis added)

As the emphasized portion of this except show, statements made by members of the

Tennessee General Assembly *are relevant evidence.*  Accordingly, they should not have been ignored by the district court.

    Respectfully submitted,



    Alan P. Woodruff
    Counsel for Appellants


Cc: Janet Kleinfelter, Counsel for Appellees