<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>

No. 16-6299

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
May 11, 2017
DEBORAH S. HUNT, Clerk

GREEN PARTY OF TENNESSEE;             )
CONSTITUTION PARTY OF TENNESSEE,      )
                                      )
    Plaintiffs-Appellants,            )
                                      )
v.                                    )   ON APPEAL FROM THE UNITED
                                      )   STATES DISTRICT COURT FOR
TRE HARGETT, in his official capacity as  )   THE MIDDLE DISTRICT OF
Tennessee Secretary of State; MARK GOINS, in  )   TENNESSEE
his official capacity as Coordinator of Elections for  )
the State of Tennessee,               )
                                      )
    Defendants-Appellees.             )

O R D E R

Before: COLE, Chief Judge; GUY and GILMAN, Circuit Judges.

This is the latest appeal involving a challenge by two political parties, the Green Party of Tennessee and the Constitution Party of Tennessee, to the Tennessee laws that prescribe when and how minor political parties may appear on electoral ballots. The litigants have waived oral argument, and this panel unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

We are reviewing this particular case for a third time. It began in 2011, when the two political parties sued the Tennessee Secretary of State, Tre Hargett, and the Coordinator of Elections, Mark Goins, alleging that state election laws unconstitutionally impeded their access to the ballot. The district court granted summary judgment in favor of the plaintiff political parties. *Green Party of Tenn. v. Hargett*, 882 F. Supp. 2d 959, 967-68 (M.D. Tenn. 2012). We reversed and remanded, in part because Tennessee had since amended the relevant statutes.

*Green Party of Tenn. v. Hargett*, 700 F.3d 816, 819 (6th Cir. 2012). On remand, the district court once more granted the plaintiffs' summary-judgment motion. *Green Party of Tenn. v. Hargett*, 953 F. Supp. 2d 816, 823 (M.D. Tenn. 2013). Again we reversed and remanded, holding that the plaintiffs' claims presented factual disputes that were not resolvable at the summary-judgment stage. *Green Party of Tenn. v. Hargett*, 767 F.3d 533, 539 (6th Cir. 2014). Back in the district court, the plaintiffs, with leave, filed an amended complaint stating seven claims, and the case was set for a bench trial.

After the plaintiffs voluntarily dismissed counts three and seven in their amended complaint, the claims litigated at trial alleged that: (I) the ballot-access statute, which requires that, to become a "[r]ecognized minor party" and enjoy the benefits that the classification entails, an organization must submit a petition with signatures "of registered voters equal to at least two and one-half percent (2.5%) of the total number of votes cast for gubernatorial candidates in the most recent election of governor," Tenn. Code Ann. § 2-1-104(a)(23), is unconstitutionally burdensome; (II) the ballot-access statute combined with the requirement in Tennessee Code Annotated § 2-13-107(a)(1) that a minor party that decides to nominate its candidates by primary must file its petition in April, almost seven months before the November election, creates an unconstitutional burden; (IV) election statutes unconstitutionally deny access to the November general election to candidates of minor parties who are selected by their party's rules rather than by a primary election when their party fails to qualify as a "recognized minor party"; (V) the requirement, from Tennessee Code Annotated § 2-13-201, that a minor party must qualify as a "recognized minor party" to have its candidates listed on the ballot with their party membership is unconstitutional; and (VI) the ballot-order statute, Tenn. Code Ann. § 2-5-208(d)(1), which determines the order in which candidates are listed on the ballot, violates the Equal Protection Clause. Claims (I) and (IV) were as-applied challenges, while the other claims were both facial and as-applied challenges. Facial challenges assert that there is no set of circumstances under which the law would be constitutional, while as-applied challenges assert that the law is

unconstitutional as enforced against the complaining plaintiff.  *See Speet v. Schuette*, 726 F.3d 867, 872 (6th Cir. 2013).

The district court ruled on several pretrial motions, held a two-day bench trial, and issued an opinion in favor of the defendants.  *Green Party of Tenn. v. Hargett*, No. 3:11-CV-692, 2016 WL 4379150 (M.D. Tenn. Aug. 17, 2016).  The plaintiffs appeal.

The plaintiffs raise three arguments about the district court's pretrial rulings, asserting that the court erred by excluding their expert's second report, excluding several of their exhibits, and not precluding the defendants from asserting a justification for the ballot-access signature requirement.  They also maintain that the district court improperly ignored their expert's testimony.  As for their substantive claims, the plaintiffs argue that the district court:  incorrectly found against them on claim (I), because the court did not apply the law-of-the-case doctrine and because the defendants did not provide a justification for the signature requirement; improperly ruled against them on claim (II) on the merits after ruling that they lacked standing; erroneously found that the interpretation of the laws by Goins, as the Coordinator of Elections, was sufficient to fill an apparent gap in the statutes relevant to claim (IV); and assessed the incorrect statute in claim (V) and wrongly found that the claim was no different from claim (I).  The plaintiffs assert no arguments about the district court's ruling on claim (VI), and thus review of that claim is waived or abandoned.  *See Kuhn v. Washtenaw Cty.*, 709 F.3d 612, 624 (6th Cir. 2013).

We review the district court's evidentiary rulings under the abuse-of-discretion standard. *See King v. Ford Motor Co.*, 209 F.3d 886, 900 (6th Cir. 2000); *Alliant Tax Credit Fund 31-A, Ltd. v. Murphy*, 494 F. App'x 561, 572 (6th Cir. 2012).  De novo review applies to the district court's conclusions of law, and we review findings of fact under the clear-error standard.  *See Dillon v. Cobra Power Corp.*, 560 F.3d 591, 599 (6th Cir. 2009).

The plaintiffs first argue that the district court erroneously excluded their expert's second report.  The plaintiffs argue that the second report was timely under the scheduling order as a supplemental report, that Federal Rule of Civil Procedure 26(e) required that they supplement

their expert's initial incomplete report, and that the district court applied the wrong standard and imposed too harsh a sanction.

After both parties filed timely expert reports, the plaintiffs submitted a second report from their expert. The defendants moved to exclude it. The district court found that the report was comprised of two rebuttal opinions and four new opinions. The local rules provided that rebuttal opinions could be presented only with leave of court, and because the plaintiffs did not seek or receive leave, the district court excluded them. *See* M.D. Tenn. R. 39.01(c)(6)(d). The court excluded the new opinions because the plaintiffs neither provided them within the time prescribed by the scheduling order, nor sought an extension, nor showed that the delay was justified or harmless.

The plaintiffs' attempt to recast the report as supplemental, rather than containing rebuttal or new opinions, is unconvincing. In its order, the district court stated that the plaintiffs had acknowledged that the first two opinions were rebuttal in nature, and the plaintiffs do not dispute that. Also, the plaintiffs have not argued that they offered the new opinions because the original report was "incomplete or incorrect," Fed. R. Civ. P. 26(e)(1)(A); in fact, they do not now, and did not in the district court, provide any support for their position that the opinions were supplemental as that term is used in the federal rules.

The plaintiffs also contend that the district court applied the incorrect standard and that exclusion was too severe a punishment. But the court referenced the proper standard, which requires the sanctioned party to show that the violation was harmless or justified. *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003); Fed. R. Civ. P. 37(c)(1). And because the plaintiffs have not shown that their failure to follow the rules was harmless or justified—that is, that it involved an honest mistake or inadvertent omission and that the defendants had knowledge of the contents in the second expert report, *see Roberts*, 325 F.3d at 783—the district court's sanction was not inappropriate. In short, the district court's ruling was not an abuse of discretion.

The plaintiffs' second argument concerns the district court's exclusion of their proposed exhibits. The exhibits were compilations and summaries of other states' election statutes. The defendants argued that the exhibits were inadmissible because they were not produced during discovery, the underlying data was not identified or produced, and there was no indication who prepared them. *See United States v. Modena*, 302 F.3d 626, 633 (6th Cir. 2002). The district court granted the defendants' motion to exclude the exhibits, but noted that the plaintiffs were permitted to introduce or cite statutes so long as they were accurate. The plaintiffs chose not to do so, and they cannot now claim to have been prevented from introducing the comparative statutes. The district court therefore did not abuse its discretion.

The plaintiffs next argue that the district court erred by not precluding the defendants from asserting a justification for the relevant election statutes. In an interrogatory, the plaintiffs asked the defendants to state the interests advanced by the ballot-access statute's signature requirements. The defendants objected, and the plaintiffs filed a motion to compel the defendants to more fully respond to the interrogatory. The district court denied the motion without prejudice, because it did not include a certification of compliance with the local rules. But the plaintiffs never refiled the motion to compel. Instead, prior to trial, the plaintiffs moved to exclude the justifications offered by the defendants. The district court denied that motion because the plaintiffs failed to properly present the argument in a motion to compel and because the defendants, although they objected to the interrogatory, had offered several justifications throughout the litigation. The plaintiffs make multiple arguments that the defendants should have been barred from presenting a justification, but the defendants answered the interrogatory in question and the plaintiffs did not properly file a motion to compel a further answer. In any case, the district court's decision not to bar the defendants from presenting a justification was not an abuse of discretion.

Next, the plaintiffs argue that the district court ignored their expert's testimony. But that is plainly incorrect. The district court's order examined the plaintiffs' expert's opinion in depth. *See Hargett*, 2016 WL 4379150, at *14-18. The court simply found the opinion mostly

unpersuasive and unhelpful, and explained why. The plaintiffs argue that the district court did not give the expert's opinion sufficient weight, but "this Court is not in the business of dictating to district courts the amount of weight they must give to certain expert opinions" when the district court sits as the trier of fact. *Deal v. Hamilton Cty. Bd. of Educ.*, 392 F.3d 840, 852 (6th Cir. 2004); *see* Fed. R. Civ. P. 52(a)(1). Also, the plaintiffs maintain that the defendants forfeited any objection to the expert report by failing to object to a similar report offered at the beginning of this litigation. But the defendants did critique the plaintiffs' expert's early opinion, and, in any case, they promptly moved to exclude the plaintiffs' expert's later reports. In sum, the district court's account of the evidence was not clearly erroneous.

Moving to the plaintiffs' arguments about their substantive claims for relief, their first count alleged that the signature requirement to qualify as a "recognized minor party" under § 2-1-104(a)(23) violated the First and Fourteenth Amendments. The district court applied the *Anderson-Burdick* balancing test, *see Anderson v. Celebrezze*, 460 U.S. 780 (1983); *Burdick v. Takushi*, 504 U.S. 428 (1992), and determined that the plaintiffs failed to show that the statute was unconstitutional. The *Anderson-Burdick* test has three parts: first, the court considers the character and magnitude of the alleged injury; second, the court identifies and evaluates the state's justifications for the burden created by the rule in question; and third, the court determines the legitimacy and strength of the state's asserted interests and the extent to which those interests make it necessary to burden the plaintiff's rights. *See Obama for Am. v. Husted*, 697 F.3d 423, 429 (6th Cir. 2012). The district court determined that the signature requirement placed no burden on the plaintiffs' constitutional rights, or that any burden was not severe and was reasonable and nondiscriminatory.

The plaintiffs' argument on appeal is based on the law-of-the-case doctrine, which holds that a court's decision on a matter of law governs the same issues in later stages of the same case. *See Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1071 (6th Cir. 2014). The plaintiffs assert that the district court held that the signature requirement was unconstitutionally burdensome when the court originally granted summary judgment. They further argue that we

did not disturb that holding on appeal, but merely remanded in light of the state legislature's amendment of the law in question. And because the amended statute did not alter the signature requirement, the plaintiffs contend that the district court's determination that the requirement is unconstitutional is still the law of the case. To further support their argument, the plaintiffs note that they were awarded prevailing-party fees for proving that the requirement was unconstitutional.

But the plaintiffs have misread our opinion in the earlier appeal. We reversed the district's original judgment and directed that, on remand, "the district court must take into account that the 2.5% signature requirement, standing alone, is *not* unconstitutional on its face." *Hargett*, 700 F.3d at 824 (emphasis added). The law-of-the-case doctrine, then, is inapposite. Also, the plaintiffs misrepresent the reason for their prevailing-party-fee award for this claim; we merely held that we never reached the merits of that claim on appeal because the relevant statute was amended and that the amendment did not deprive them of prevailing-party status. *Hargett*, 767 F.3d at 553-54. We noted that "the plaintiffs have not yet attained prevailing-party status on claim (1) . . . in the second round of litigation following remand." *Id* at 554.

The plaintiffs also attack the district court's finding that they had not proven that they suffered any burden from the signature requirement. The plaintiffs argue that the district court ignored their expert's evidence that it did impose a burden and that the defendants presented no contradictory evidence. But, as described above, the district court did not ignore the plaintiffs' expert—it found his testimony unpersuasive and uncreditable. And the district court carefully explained why the plaintiffs had failed to prove that the law imposed a burden. For example, the plaintiffs asserted that the signature requirement was costly, but they produced no evidence of having incurred any financial costs in meeting the signature requirement. They likewise failed to substantiate the likely cost by, for instance, requesting bids from canvassing companies. Conversely, the court pointed to evidence that the Constitution Party had, in 2011, under a more stringent statutory regime, collected a significant number of signatures without incurring any cost by using volunteer canvassers working only three months in primarily one part of the state.

The district court also stated that the plaintiffs did not introduce evidence that recruiting volunteers was untenable, and the court noted many features of the law that made it unburdensome to meet the signature requirement. Moreover, the defendants point out that the plaintiffs' expert's testimony was not uncontradicted, since he admitted several points in the defendants' favor on cross-examination. In short, the district court's assessment of these facts was not clearly erroneous. And because the district court determined that the statute imposed no burden, the plaintiffs' argument that the defendants did not present an adequate justification is immaterial. It also happens to be mistaken because the defendants presented several justifications.

The plaintiffs next argue that the district court improperly denied their second claim on the merits after first finding that they lacked standing, which is a jurisdictional holding that precludes a merits determination. But this argument misunderstands that the district court's merits determination was just an alternative holding.

The plaintiffs' argument concerning their fourth claim is that the district court improperly credited the testimony of Goins, the state's Coordinator of Elections, to close an unconstitutional hole in the statutory scheme. Their argument is this: if a minor party decides to nominate its candidates by a primary election, but the party fails to meet the 2.5% signature requirement to qualify as a "recognized minor party," a statute, Tenn. Code Ann. § 2-13-107(c), explicitly provides that the candidates will appear on the ballot as independents; however, there is no parallel statute for when the same circumstances befall candidates nominated by a party's own rules instead of by a primary election; therefore, the plaintiffs argue, the statutory scheme's disparate treatment of these two groups is unconstitutional. The district court held that, although there is no statute directing that such a candidate would appear as an independent, there is also no statute preventing it. Indeed, so long as the candidate has filed a nominating petition with twenty-five signatures (275 if running for president), as all candidates must do whether affiliated with a political party or not, then the candidate will be listed on the ballot as an independent. *See* Tenn. Code Ann. § 2-5-101(b)(1). As the district court pointed out, the Libertarian Party

gubernatorial candidate did just that in the 2014 election. Rather than using Goins's testimony to fill the statutory vacuum, the district court explained why the election statutes did not unconstitutionally burden the plaintiffs, which Goins's testimony merely supported. Accordingly, the plaintiffs have not shown that these statutes were unconstitutional.

The plaintiffs' last argument concerns their fifth claim, which alleged that the signature requirement unconstitutionally denied candidates their right to have their party label on the ballot. The plaintiffs contend that the district court assessed the incorrect statute and wrongly found that claim five was no different from claim one.

The signature requirement that was the target of the plaintiffs' first claim is found in § 2-1-104(a)(23), which defines a "[r]ecognized minor party," while § 2-13-201, the focus of their fifth claim, provides that candidates cannot be listed on the ballot with their party affiliation unless they qualify as a "recognized minor party" (among other ways). The plaintiffs contend that their fifth claim concerned only the latter statute and that the lack of a candidate's party affiliation on the ballot burdens voters, candidates, and parties, including the plaintiffs themselves. But the only reason that a minor's party would not be listed on the ballot under § 2-13-201 is if the party were not a "recognized minor party," and the only reason that the party would not so qualify is if it failed to meet the signature requirement of § 2-1-104(a)(23). Thus, the district court is correct that the claims are not "analytically distinct." In any case, the district court also held that the plaintiffs presented no convincing evidence that it was an unconstitutional burden for their candidates not to be listed with their party affiliation. The court noted that the plaintiffs' expert's opinion was unsupported by facts or data, yet the expert also acknowledged that independents often did better than candidates listed with their party.

Accordingly, we **AFFIRM** the district court's judgment.

                              ENTERED BY ORDER OF THE COURT

                              Deborah S. Hunt, Clerk